IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

| | |
|---|---|
| **CHRISTOPHER CONDON,** **#Y42786,** | |
| Plaintiff, | Case No. 23-cv-02461-SPM |
| v. | |
| **DAVID MITCHELL, JUSTIN JURKOWSKI, JOHN DOE 1, JANE DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Christopher Condon, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while housed at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. See 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on June 29, 2021, around 1: 00 p.m., he notified Correctional Officer Justin Jurkowski that his cellmate, William Lee, was "attempting to move [Plaintiff] from the cell with threats of physical violence." (Doc. 1, p. 19). Jurkowski recommended that Plaintiff remove

his property from the cell and refuse housing during dayroom time. Plaintiff did not follow this recommendation because if he did, then he would be disciplined. A few hours later, Plaintiff spoke with another correctional officer, Jane Doe 1, about the threats. Jane Doe 1 said she would notify the sergeant on duty when dayroom time was over, around 6:00 p.m. When dayroom time was over, Lee refused to allow Plaintiff to reenter the cell. A sergeant, John Doe 1, approached Plaintiff and asked why he was still out of his cell. Plaintiff told John Doe 1 about the issues with his cellmate. John Doe 1 told Plaintiff he would speak to the lieutenant about moving either Plaintiff or Lee. Around mealtime, Plaintiff asked John Doe 1 about the situation, and John Doe 1 said he had not had time to speak with the lieutenant. (*Id.*).

The next morning, June 30, 2021, Plaintiff again spoke with Jurkowski about the threats being made by his cellmate, and nothing was done. (Doc. 1, p. 19). When dayroom time was over that day, Lee again prohibited Plaintiff from entering the cell. The lieutenant came and escorted Lee from the cell in handcuffs. Lee was taken to suicide watch for forty-eight hours. (*Id.*).

On July 2, 2021, Plaintiff returned from yard to find Lee back in the cell. (Doc. 1, p. 20). Lee had gone through Plaintiff's property and taken items. Lee told Plaintiff that the last forty-eight hours of his life were hell and so "that's what he was going to turn [Plaintiff's life] into." At around 11:00 a.m., Lee physically assaulted Plaintiff. Lee repeatedly punched and kicked Plaintiff. Plaintiff tried to get the attention of a correctional officer and pushed the panic button, but no one came. After ten minutes, a correctional officer, John Doe 2, yelled up to the cell from the level below and asked if everything was "ok?" Lee shouted over Plaintiff that everything was fine. John Doe 2 did not come up to the cell to check on the inmates. Plaintiff and Lee remained in the cell together until the doors opened for dayroom time at 1:00 p.m. Plaintiff then left the cell and told the correctional officers what had happened. (*Id.*).

Plaintiff was escorted to the health care unit and interviewed by internal affairs. (Doc. 1, p.

21). He was then taken to the local hospital for evaluation and a CT scan. According to Plaintiff's exhibits, he had swelling, bruising, and redness on his face, head, and neck, his lips were cut and bleeding, and he had a chipped tooth. (*Id.* at p. 24).

## PRELIMINARY DISMISSALS

The Court will dismiss John Does 3 and 4. Plaintiff discusses his interactions with various unidentified correctional officers in the Complaint, and he does not identify them using the John or Jane Doe designation used in the case caption. Reading the Complaint liberally, the Court has been able to identify John Doe 1, Jane Doe 1, and John Doe 2, but is unable to infer who Plaintiff intends to identify as John Doe 3 and John Doe 4. Because the Court cannot discern the claims, if any, against John Does 3 and 4, they are dismissed without prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment failure to protect claim against Mitchell, Jurkowski, John Doe 1, Jane Doe 1, and John Doe 2.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Count 1 will proceed against Jurkowski, John Doe 1, Jane Doe 1, and John Doe 2. *See*. *Santiago v. Wells,* 599 F.3d 749, 756 (7th Cir. 2010) (discussing the elements of a failure to protect claim).

Count 1, however, is dismissed as to Warden Mitchell. Plaintiff does not assert any

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

allegations against Mitchell in the Complaint. Mitchell cannot be held liable simply because he reviewed Plaintiff's grievances after the assault occurred or because Mitchell was in a supervisory role. *See Owens v. Hinsley*, 635 F. 3d 950, 953 (7th Cir. 2011); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly Count 1 is dismissed against Mitchell.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Count 1 survives screening against defendants who are not yet identified (among others): John Doe 1, Jane Doe 1, and John Doe 2. However, these defendants must be identified with particularity, so the lawsuit can be served on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez v. Plymouth Ambulance Se*rv., 577 F.3d 816, 832 (7th Cir. 2009). The current Warden of Pinckneyville Correctional Center will be added in his or her official capacity for purposes of responding to discovery aimed at identifying the unknown defendants. Once the names of these defendants are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has failed to meet the first requirement, demonstrating that he has made reasonable attempts to obtain counsel on his own. Plaintiff does not provide the Court with any information regarding his efforts to find a lawyer prior to filing his motion. Therefore, the recruitment of

counsel is not warranted at this time, and the motion is **DENIED**. If he chooses to renew his request at a later date, Plaintiff should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

For the reasons states above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Jurkowski, John Doe 1, Jane Doe 1, and John Doe 2. **COUNT 1** is **DISMISSED without prejudice** as to Mitchell. Because there are no surviving claims against Mitchell and John Does 3 and 4, they are **DISMISSED** from this case. The Clerk of Court is **DIRECTED** to terminate them as parties on the docket. The Clerk is **DIRECTED** to **ADD** the Warden of Pinckneyville Correctional Center in his or her official capacity to the docket as a party for purposes of identifying the unknown defendants.

Because Plaintiff's claims involve allegations of physical injury, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Jurkowski, the Warden of Pinckneyville (official capacity only), and John Doe 1, Jane Doe 1, and John Doe 2 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only needs to respond to the issues stated in this Merit Review Order. Because the Warden of Pinckneyville Correctional Center is named in his or her official capacity only for purposes of identifying the unknown defendants, it is not necessary to file an Answer to the Complaint; a Notice of Appearance is sufficient.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 1, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.