IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CONDON,
#Y42786,

        Plaintiff,

v.

JUSTIN JURKOWSKI, *et al.*,

        Defendants.

Case No. 23-cv-02461-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Defendant Daniel Porter has yet to be served with the Complaint. Because Plaintiff Condon is proceeding in forma pauperis, pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order a United States marshal to conduct service on his behalf. The marshal is then required to make reasonable efforts to personally serve the summons and the complaint on the defendant.

After unsuccessfully attempting to serve Defendant Porter by mailing a request to waive service of summons, the Clerk of Court issued a formal service of the summons and the Complaint on August 27, 2024. (Doc. 30, 36, 38). The summons was returned unexecuted with a note from the marshal explaining, "Bad Address. Verified through landlord that Daniel Porter no longer lives at address." (Doc. 39). The Court found that the marshal's attempt to locate and serve Porter did not meet the "reasonable efforts" requirement as prescribed by the Seventh Circuit. (Doc. 40) (citing *Williams v. Werlinger*, 795 F. 3d 759 (7th 2015). The Court noted that visiting a single address was insufficient and that it did not appear that the marshal attempted to obtain a forwarding address or use any type of electronic database to discovery Porter's current whereabouts. The Court reissued summons and required the Marshals Service to make another attempt at service. If

unsuccessful, the Marshals Service was directed to include in the "Remarks" section of the Form USM-285 a description of the steps that the marshal took to attempt to effect service of process.

On November 20, 2024, the reissued summons was returned unexecuted. (Doc. 43). Again, the Marshals Service states that Porter no longer lives at the address provided – a fact verified with the landlord. But the marshal provides no additional information on attempts he or she made to locate Porter. The marshal disregarded the Court's instructions that more was required in effectuating service than visiting that one address. Thus, the Court will once again reissue summons. *See Williams,* 795 F. 3d at 760 (noting that the district court should not have accepted the responses of the Marshals Service that "No forwarding info available. Was not able to locate using internet database searches" and that such response from the Marshals Service was "shameful"). Using public databases, the Court has obtained a new address for Porter. Service shall be attempted at this new address.

Therefore, the Clerk of Court is **ORDERED** to **REISSUE** the summons for Defendant Porter using the new address, as found by the Court. The United States Marshals Service shall make reasonable efforts to locate and serve the summons and Plaintiff's Complaint on this defendant. ***The Marshals Service is reminded that the "reasonable efforts" standard requires more than visiting a single address.*** If unsuccessful, the Marshals Service shall include in the "Remarks" section of the Form USM-285 a description of the steps that it took to attempt to effect service of process. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service.

**IT IS SO ORDERED.**

**DATED:   November 26, 2024**

                                                                                                *s/Stephen P. McGlynn*
                                                                                               **STEPHEN P. MCGLYNN**
                                                                                               **United States District Judge**