IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER CONDON, #Y42786,**

**Plaintiff,**

v.

**DAVID MITCHELL, et al.,**

**Defendants.**

Case No. 23-CV-02461-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for case management purposes. Defendant Daniel Porter has yet to be served with the Complaint. Because Plaintiff Condon is proceeding in forma pauperis, pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order a United States marshal to conduct service on his behalf. The marshal is then required to make reasonable efforts to personally serve the summons and the complaint on the defendant.

Three times the Court has reissued summons directing the United Marshals Service to serve Defendant Porter using "reasonable efforts," as required by the Seventh Circuit. (See Docs. 40, 44). The Marshals Service was informed that visiting a single address does not meet the "reasonable efforts" requirements and that the Marshal serving summons was to take investigatory steps using publicly available resources, such as internet searches or contacting former employers and staff, to ascertain Porter's current whereabouts. If the Marshal was unable to locate Porter, then the Marshal was to provide to the Court a description of the efforts made to learn

of Porter's new location in the "Remarks" section of the Form USM-285. (Docs. 40, 44).

On March 31, 2025, the Court received the third summons for Defendant Porter returned unexecuted, and again, the Marshal visited a single address. (Doc. 56). The Marshal records on the form that the resident at the address stated that Defendant Porter did not reside there, and that the resident did not know Porter. (*See* Doc. 62).

The Court does not find that the marshal's attempts meet the "reasonable efforts" requirement as prescribed by the Seventh Circuit. *See Williams v. Werlinger*, 795 F.3d 759 (7th Cir. 2015); *Geder v. Godinez*, 221 F.3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. 2000); *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995); *Sellers v. United States*, 902 F. 2d 589 (7th Cir. 1990). It is not clear from the records whether the marshal spoke with other neighbors, attempted to obtain a forwarding address, or tried other means to make contact with someone employed at Pinckneyville Correctional Center. It is hard to believe that no one at Pinckneyville would be available to speak with the marshal regarding Defendant Porter's current whereabouts. There is also no notation of using any electronic databases routinely used in locating individuals for service, including a basic public internet search.

The Court is aware that the United States Marshals Service has internal policies prohibiting the use of law enforcement investigative resources for the purposes of locating individuals in civil matters. However, the Court is not requiring the marshals to use those types of tools – as discussed above, reasonable efforts means the employment of publicly available resources to locate and serve a defendant. A marshal cannot rely on an inapplicable internal policy in order to evade compliance with a court order and the law.

Thus, the Clerk of Court shall **REISSUE** the summons for Defendant Porter, and the United States Marshals Service shall "redouble its efforts" to locate and serve the summons and Condon's Complaint on this defendant. *Williams*, 795 F.3d at 759. If unsuccessful, the Marshals Service shall include in the "Remarks" section of the Form USM-285 a description of the steps that it took to attempt to effect service of process. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service and specifically, to the US Marshals Service Supervisory Deputy for the Southern District of Illinois

Finally, Defendant Porter was previously identified as Dalton Porter by the litigation coordinator as Pinckneyville Correctional Center. While summons has been issued to "Daniel L. (Dalton Porter)," the docket has not been updated to reflect the defendants correct name. Accordingly, for the sake of clarity as the Court continues to locate and serve Defendant Porter, the Clerk of Court is **DIRECTED to RENAME** Defendant Daniel L. Porter as Dalton Porter on the docket.

**IT IS SO ORDERED.**

**DATED:  June 20, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
