IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER CONDON, #Y42786** | |
| **Plaintiff,** | |
| v. | Case No. 23-CV-02461-SPM |
| **DAVID MITCHELL, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a motion to set aside the entry of default (Doc. 71) filed by Defendant Dalton Porter. On June 25, 2025, Porter was issued a summons on Plaintiff's Complaint (Doc. 64). Summons was served on Porter on July 18, 2025, and his Answer was due August 8, 2025. (Doc. 65). Porter failed to file an Answer. Accordingly, the Court directed that default be entered against Porter (Doc. 69). After default, but before judgment was entered, Porter filed the pending motion to set aside the default.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express*, Inc., 559 F.3d 625, 630–31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Porter has met the standard for vacating the entry of default. Specifically, he has shown good cause because he retired from the Illinois Department of Corrections ("IDOC") and was unsure how to request representation without the assistance of the litigation coordinators. The Office of the Illinois Attorney General had difficulty contacting him to determine if he was seeking representation. On August 28, 2025, the Office of the Illinois Attorney General was able to contact Porter, and he sent in his request for representation the same day. The same day, counsel appeared for him. (Doc. 70).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Porter has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default (Doc. 71). The Clerk's Entry of Default (Doc. 69) is **VACATED.**

**IT IS SO ORDERED.**

**DATED:  September 9, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
